EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | Queja |
|---|---|
| José D. Frontera Enseñat | 2000 TSPR 24 |

Número del Caso: AB-1998-0057

Fecha: 24/01/2000

De la Oficina de Inspección de Notarías: Lcda. Carmen H. Carlos
                                        Directora

Abogados de la Parte Querellada: Lcdo. Luis Roberto Santos

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Lcdo. José D. Frontera          AB-98-57
Enseñat


PER CURIAM


San Juan, Puerto Rico, a 24 de enero de 2000

I

El 25 de marzo de 1998, el Sr. Ricardo Vélez Muñiz presentó queja contra el Lcdo. José D. Frontera Enseñat. Le imputó negarse a corregir defectos en dos (2) instrumentos públicos que, como notario, autorizó. Además, invitó nuestra atención al hecho de que el Lcdo. José D. Frontera Enseñat es sobrino de uno de los comparecientes en ambas escrituras.

Notificado de la queja, sin el beneficio de que el Lcdo. Frontera Enseñat contestara en ese momento inicial, remitimos copia a la Lcda. Carmen H. Carlos Cabrera, Directora de la Oficina de Inspección de

Notarías, para que nos rindiera un Informe y recomendación.

Con vista a dicho Informe y el escrito posterior presentado por el Lcdo. Frontera Enseñat, resolvemos.

La génesis de la queja se remonta al 17 de octubre de 1997, fecha en que el Sr. Jaime Enseñat Bartolomei y su esposa Eugenia N. Irizarry Rodríguez adquirieron de la Puerto Rico Farm Credit una finca localizada en el Municipio Las Marías, mediante la Escritura núm. 57. Ese mismo día, por la Escritura núm. 58, ambos vendieron la propiedad al aquí quejoso Vélez Muñiz y su esposa Gloria Rodríguez Vargas. Estas dos escrituras fueron otorgadas ante el notario Frontera Enseñat.

El 5 de diciembre de 1997, el Registrador de la Propiedad de San Sebastián, notificó que las Escrituras 57 y 58 presentaban errores. Según el Lcdo. Frontera Enseñat, las escrituras no podían entrar al Registro debido a que no se había presentado la escritura núm. 28 de Ejecución de Hipoteca y Cancelación de Gravámenes del 28 de agosto de 1996, donde la Puerto Rico Farm Credit advino dueña de la finca en cuestión. Nos indica que luego de varias gestiones ante el Registro de la Propiedad fue informado de que "el 30 de julio de 1998 que la escritura Núm. 28 había sido presentada y que la 57 y 58 también entraron al Registro".[1]

No obstante el Lcdo. Frontera Enseñat acepta en su comparecencia, que en efecto autorizó las escrituras Núms. 57 y 58, y está dentro del cuarto grado de consanguinidad

---

[1] Así lo acreditan certificaciones del Registro de la Propiedad.

con el Sr. Jaime Enseñat Bartolomei. Nos explica que no se benefició económicamente de las gestiones.

Estos hechos así aceptados, infringen el Art. 5 de la Ley Notarial, que prohibe la autorización por notario de instrumentos en que alguno de los otorgantes esté dentro del cuarto grado de consanguinidad o segundo de afinidad, excepto cuando aquél comparezca en calidad de representante.

La explicación de ausencia de ánimo de lucro que brinda el notario Frontera Enseñat, atenua pero no elimina su falta. El principio que inspira el Art. 5 es "preservar la figura del notario como funcionario imparcial, que recibe, expone y legitima la voluntad de los que ante él comparecen sin tomar bando, sin inclinarse a un lado u otro." In re Cancio Sifre, 106 D.P.R. 386, 396 (1977).

Además, la escritura Núm. 58 adolece de otros defectos. Así, en lo referente al pago del negocio jurídico, a pesar de que se dio fe de que los vendedores recibían de manos de los compradores, en su totalidad, al momento del otorgamiento, el precio convenido y ajustado, lo cierto es que dicho aspecto fue acordado de otra manera entre las partes. Por otro lado, la firma del notario se encuentra antes de las firmas de los otorgantes, contraviniendo lo dispuesto por el Art. 28 de la Ley Notarial.

En consideración a este trasfondo, el 12 de marzo de 1999, concedimos al Lcdo. Frontera Enseñat término para que nos expusiera su posición referente a las situaciones antes

descritas. No compareció. Le concedimos (30) días adicionales para que mostrara causa por la cual no debiéramos, sin ulterior trámite, suspenderlo del ejercicio de la notaría por el término de seis (6) meses. Interpretamos su silencio como un allanamiento de ese curso decisorio.

Se dictará Sentencia suspendiendo al Lcdo. José D. Frontera Enseñat del ejercicio de la abogacía por un término de seis (6) meses, y además, se le suspende de la notaría por tiempo indefinido, contados desde la notificación de la presente y hasta que otra cosa disponga este Tribunal.

La Oficina de Alguaciles se incautará de su obra y sello notarial para ser remitida y examinada por la Oficina de Inspección de Notarías.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


In re:

                                        AB-98-57

Lcdo. José D. Frontera
Enseñat




                            SENTENCIA



        San Juan, Puerto Rico, a 24 de enero de 2000


        Por los fundamentos expuestos en la Opinión <u>Per Curiam</u> que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia y se suspende al Lcdo. José D. Frontera Enseñat del ejercicio de la profesión de abogado por un término de seis (6) meses, y además, se le suspende de la notaría por tiempo indefinido, contados desde la notificación de la presente y hasta que otra cosa disponga este Tribunal.

        Se ordena a la Oficina del Alguacil que se incaute de su obra notarial, incluso sello notarial, para ser remitida, examinada y oportunamente objeto de un Informe por parte de la Oficina de Inspección de Notarías.

        Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Hernández Denton disiente sin opinión escrita y limitaría la sanción disciplinaria a una suspensión de la notaría por seis (6) meses. El Juez Asociado señor Corrada del Río disiente ya que limitaría la sanción disciplinaria a la suspensión indefinida de la notaría, no de la abogacía. El Juez Presidente señor Andréu García no interviene.



                        Isabel Llompart Zeno
                        Secretaria del Tribunal Supremo